UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BETHANY MENDEZ, ET AL.,**<br><br>            Plaintiffs**,**<br><br>    vs.<br><br>**CALIFORNIA TEACHERS ASSOCIATION, ET AL.,**<br><br>            Defendants. | CASE NO. 19-cv-01290-YGR<br><br>**ORDER GRANTING MOTIONS TO DISMISS; DIRECTING JOINT STATEMENT OF PLAINTIFFS AND DEFENDANT MCCOWAN**<br><br>Dkt. Nos. 83, 84, 88 |

The instant action is one of many brought in the wake of the United States Supreme Court's decision in *Janus v. AFSCME, Council 31*, 138 S.Ct. 2448 (2018) ("Janus"). Plaintiffs Scott Carpenter, Linda Leigh-Dick, Bethany Mendez, Audrey Stewart, and Angela Williams are teachers in different school districts across California who were, at one time, members of their respective teachers' unions. They allege that they submitted requests to revoke their union memberships and dues deductions and that they were informed those dues deductions would not cease until the time period specified in their membership agreements, *i.e.*, a 90-day window falling around their membership anniversary date in which they could request termination of the dues deduction according to the agreement's terms. (FAC ¶ 38.) Plaintiffs bring this action on behalf of themselves and others similarly situated pursuant to 42 U.S.C. section 1983 against: (1) defendant Attorney General Xavier Becerra ("the State"); (2) defendants Associated Chino Teachers, California Teachers Association, Fremont Unified District Teachers Association, Hayward Education Association-CTA-NEA, National Education Association, Tustin Educators Association, Valley Center-Pauma Teachers Association (collectively, "the Union defendants"); and (3) defendants Kim Wallace, Matt Wayne, Norm Enfield and Gregory Franklin ("the Superintendents").[1]

---

[1] Plaintiffs also name an additional defendant, Ron McCowan, who answered the FAC on June 18, 2019. (Dkt. No. 66).

In particular, plaintiffs bring a Section 1983 claim against all defendants on the grounds that deduction of dues from plaintiffs' wages pursuant to California Education Code section 45060 violates the First Amendment of the United States Constitution. They bring a second Section 1983 claim against the Union defendants and the Superintendents on the grounds that the deduction of dues pursuant to the collective bargaining agreements (CBAs) likewise violates the First Amendment.

With a motion to dismiss pending, plaintiffs filed their First Amended Complaint ("FAC") as of right on June 11, 2019. (Dkt. No. 62.) Thereafter, the State (Dkt. No. 83), the Union defendants (Dkt. No. 84); and the Superintendents (Dkt. Nos. 86, 88) filed or joined in motions to dismiss the FAC. The Court heard oral argument on the motions on November 19, 2019. The Court has considered carefully the papers submitted and the pleadings in this action, as well as the parties' arguments at the hearing. For the reasons set forth below and the decisions cited herein, the motions to dismiss (Dkt. Nos. 83, 84, and 88) and the joinders to those motions are **GRANTED**.

\*\*\*

"To state a claim under § 1983, a plaintiff [1] must allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *Naffe v. Frey*, 789 F.3d 1030, 1035–36 (9th Cir. 2015). "Dismissal of a § 1983 claim following a Rule 12(b)(6) motion is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Id.* at 1036 (internal citation omitted). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (9th Cir. 1996); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

"In order to recover under § 1983 for conduct by the defendant, a plaintiff must show 'that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.'" *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "[M]ost rights secured by the Constitution are protected only against infringement by governments." *Lugar,* 457 U.S. at 936–37 (1982); *Naoko*

2

*Ohno v. Yuko Yasuma*, 723 F.3d 984, 993 (9th Cir. 2013) (state court enforcement of Japanese judgment under California Uniform Judgment Act was not state action). "[C]onstitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains." *Id.* at 994. The state-action element in section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Caviness*, 590 F.3d at 812 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). Where the actions complained of are undertaken by a private actor, "[s]tate action may be found . . . only if [ ] there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 812 (9th Cir. 2010) (quoting *Villegas v. Gilroy Garlic Festival Ass'n,* 541 F.3d 950, 955 (9th Cir.2008) (en banc)).

Plaintiffs allege that California Education Code section 45060 violates their First Amendment rights because it permits the Superintendents to deduct union dues from their wages without their clear, affirmative consent to use that money to subsidize the union's political activity. (FAC ¶ 131.) Plaintiffs allege that, after *Janus*, neither their union representatives nor their public employer informed them of their rights to refrain from joining or financially supporting a union. (*Id.* ¶¶ 33, 42, 51, 60, 68, 76, 87.)

In general, under California Education Code section 45060, public school teachers who voluntarily join the union may have their union dues deducted from their paychecks if "requested in a revocable written authorization by the employee." Cal. Educ. Code § 45060(a). "Any revocation of a written authorization shall be in writing and shall be effective provided the revocation complies with the terms of the written authorization." *Id.* "The revocable written authorization shall remain in effect until expressly revoked in writing by the employee, pursuant to the terms of the written authorization." Cal. Educ. Code § 45060(c). The unions are responsible for informing the school districts of employees' authorization status:

> The governing board shall honor the terms of the employee's written authorization for payroll deductions. Employee requests to cancel or change authorizations for payroll deductions for employee organizations shall be directed to the employee organization rather than to the governing board. The employee organization shall be responsible for processing these requests. The governing board shall rely on information provided by the employee

3

organization regarding whether deductions for an employee organization were properly canceled or changed.

Cal. Educ. Code § 45060(e).

Here, the Court analyzes whether plaintiffs' alleged constitutional injury on account of dues deductions under section 45060 constitutes an injury arising from state action and finds that it does not. The FAC alleges plaintiffs each signed an agreement to pay union membership dues through a payroll deduction for at least one year. Section 45060 does no more than set forth an administrative, ministerial mechanism for carrying out a deduction from the wages of those individuals who voluntarily elected to become union members and authorized deduction of their union dues from their paychecks. The State and Superintendents play no role in enforcing union membership agreements or setting their terms.

As every court to consider the issue has concluded, *Janus* does not preclude enforcement of union membership and dues deduction authorization agreements like plaintiffs' agreements here. *See Seager v. United Teachers Los Angeles*, No. 2:19-CV-469-JLS(DFM), 2019 WL 3822001, at *2 (C.D. Cal. Aug. 14, 2019) (claim for dues already deducted pursuant to agreement fails as a matter of law because consented to union membership and dues deduction); *O'Callaghan v. Regents of the Univ. of California*, No. CV 19-02289-JVS(DFMx), 2019 WL 2635585, at *3–4 (C.D. Cal. June 10, 2019) ("nothing in *Janus*'s holding requires unions to cease deductions for individuals who have affirmatively chosen to become union members and accept the terms of a contract that may limit their ability to revoke authorized dues-deductions in exchange for union membership rights, such as voting, merely because they later decide to resign membership"); *Belgau v. Inslee*, 359 F.Supp.3d 1000, 1016 (W.D. Wash. 2019); *Babb v. California Teachers Ass'n*, 378 F. Supp. 3d 857, 877 (C.D. Cal. 2019) (C.D. Cal. May 8, 2019); *Crockett v. NEA-Alaska*, 367 F.Supp.3d 996, 1008 (D. Alaska 2019); *Bermudez v. SEIU Local 521*, 2019 WL 1615414, at *2 (N.D. Cal. Apr. 16, 2019); *Cooley v. California Statewide Law Enforcement Ass'n*, 2019 WL 331170, at *3 (E.D. Cal. Jan. 25, 2019); *Smith v. Superior Court, Cty. of Contra Costa*, 2018 WL 6072806, at *1 (N.D. Cal. Nov. 16, 2018), *order after further proceedings*, *Smith v. Bieker*, 2019 WL 2476679, at *2 (N.D. Cal. June 13, 2019); *see also Cohen v. Cowles Media Co.*, 501 U.S. 663, 672 (1991) ("the First Amendment does not confer… a constitutional right to

disregard promises that would otherwise be enforced under state law."). Union members "voluntarily chose to pay membership dues in exchange for certain benefits, and the fact that plaintiffs would not have opted to pay union membership fees if *Janus* had been the law at the time of their decision does not mean their decision was therefore coerced." *Babb*, 378 F. Supp. 3d at 877 (internal citation and quotation omitted). The State's (and Superintendents') "deduct[ion of] fees in accordance with the authorization agreements does not transform decisions about membership requirements . . . into state action." *Belgau*, 359 F. Supp. 3d at 1015 (internal citation omitted). The Court spent considerable time reviewing the rationale underpinning these decisions during oral arguments and finds no persuasive basis to reject the rationale set forth therein.

Further, there is no alleged nexus between the State and Superintendents' actions and the alleged wrongful conduct of the Union defendants such as establish state action for purposes of section 1983 liability. Plaintiffs allege that they believed that they had to join a union or were misinformed by the Union defendants about the legal implications of signing their membership and dues deduction authorization agreements. California's Educational Employment Relations Act ("EERA") makes union membership voluntary for school district employees. *See* Cal. Gov't Code §§ 3543, 3543.5, 3543.6; *Cumero v. Pub. Employment Relations Bd.*, 49 Cal.3d 575, 587 (1989). To the extent plaintiffs allege that the Union defendants misinformed them about their legal obligations to join the union or pay membership dues, their claims would be against the Union defendants under state law. Plaintiffs' allegations regarding the Union defendants' conduct do not set forth a claim challenging state action for purposes of section 1983.[2]

In sum, for the reasons stated herein, on the record, and the decisions cited herein, and because plaintiffs have not alleged any basis for finding that state action gave rise to any of their alleged constitutional injuries, the motion to dismiss the claims as against all moving defendants is

---

[2] In their second claim for relief, plaintiffs allege that the defendant's actions "taken pursuant to California statutes governing the Districts' relationships with the Unions and their collective bargaining agreements ('CBAs')" impermissibly infringe on their First Amendment rights. (FAC ¶ 4.) The FAC does not identify any provisions of the CBAs that plaintiffs contend infringe their rights, nor did plaintiffs identify any in their briefing or at the hearing. The second claim fails for this additional reason.

1 **GRANTED**.[3]

At the hearing, plaintiffs indicated that they did not seek leave to amend and therefore no leave to amend is granted.

This action is dismissed as to defendants Xavier Becerra, Associated Chino Teachers, California Teachers Association, Fremont Unified District Teachers Association, Hayward Education Association-CTA-NEA, National Education Association, Tustin Educators Association, Valley Center-Pauma Teachers Association, Kim Wallace, Matt Wayne, Gregory Franklin and Norm Enfield.

The only other defendant in this action, Ron McCowan, answered the FAC rather than move to dismiss. Plaintiffs and defendant McCowan shall submit a joint statement as to how they wish to proceed no later than **January 28, 2020**.

This Order terminates Docket Nos. 83, 84 and 88.

**IT IS SO ORDERED.**

Dated: January 16, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] The Court notes two additional bases for dismissal. First, all seven named plaintiffs' dues deductions ceased prior to the hearing on these motions. Consequently, to the extent the claims in the FAC seek prospective relief on behalf of plaintiffs, such claims would be moot. *See Babb*, 378 F. Supp. 3d at 886; *Seager*, 2019 WL 3822001, at *2; *Aliser v. SEIU California*, No. 19-CV-00426-VC, 2019 WL 6711470, at *4 (N.D. Cal. Dec. 10, 2019) (former union members' claims were no longer justiciable because they voluntarily elected to resign from the union and no longer had any legal interest in the outcome of the claims).

Second, to the extent that the FAC can be read to seek retrospective relief against Wallace, Wayne, Franklin, and Enfield in their official capacities, such claims would be barred by the Eleventh Amendment. *See Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 934 (9th Cir. 2017) ["California school districts . . . remain arms of the state and continue to enjoy Eleventh Amendment immunity"]; *Belanger v. Madera Unified School District*, 963 F.2d 248 (9th Cir. 1992); *Eaglesmith v. Ward*, 73 F.3d 857 (9th Cir. 1995); *Mitchell v. Los Angeles Community College District*, 861 F.2d 198 (9th Cir. 1988).

The Court declines to reach the additional arguments raised as they are not necessary to conclude that the action must be dismissed.

6